**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SERVICIOS MEDICOS PARA TODOS SA DE CV d/b/a HOSPITAL QUIRURGICA DEL SUR, RFC: SMT120530RP7, )<br><br>Plaintiff, )<br><br>v. )<br><br>BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., et al., )<br><br>Defendants. ) | CIVIL ACTION<br><br>No. 25-4094-KHV |

**MEMORANDUM AND ORDER**

On July 28, 2025, Servicios Medicos Para Todos SA DE CV d/b/a Hospital Quirurgica Del Sur ("the provider") sued Blue Cross and Blue Shield of Kansas, Inc. ("BCBS") in Kansas state court. On September 29, 2025, BCBS removed the case to this Court. On November 26, 2025, plaintiff filed its Amended Complaint (Doc. #16). Count I, the sole claim against BCBS, seeks benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.[1] Plaintiff's Amended Complaint added Catarina Rziha and David Rziha as defendants on claims of promissory estoppel (Count II), unjust enrichment (Count III) and breach of contract (Count IV). This matter comes before the Court on Defendant Blue Cross And Blue Shield Of Kansas, Inc.'s Motion For Judgment On The Pleadings (Doc. #32) filed February 25, 2026. For reasons stated below, the Court overrules BCBS's motion.

---

[1] Plaintiff proceeds on a direct assignment of benefits from Catarina and David Rziha, and not as a designated representative suing to recover benefits on their behalf.

**Legal Standard**

Under Rule 12(c), Fed. R. Civ. P., a party may move for judgment on the pleadings after the pleadings are closed as long as the motion does not delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012). When contemplating a dismissal pursuant to Fed. R. Civ. P. 12(c), the Court considers the following matters outside the four corners of the complaint without triggering the standard governing motions for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint and provided by the parties, (3) documents that although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice. Jenkins v. Cnty. of Washington, 126 F. Supp. 3d 255, 274 (N.D.N.Y. 2015). The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6), Fed. R. Civ. P. See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992).

Under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether it states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff

can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether it is entitled to offer evidence to support its claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing its claim with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 23-32 (3d Cir. 2008)).

**Factual Background**

Plaintiff's Amended Complaint (Doc. #16) alleges as follows:

On January 14, 2022, C. Rziha received treatment in the provider's emergency room, totaling $130,073.41.  C. Rziha received this treatment under an employee welfare benefit plan within the meaning of ERISA, through BCBS Kansas ("the plan").  Provider verified with a BCBS representative that C. Rhiza was eligible and a BCBS representative provided a case number.  On January 14, 2022, C. Rziha's guardian, D. Rziha, executed an assignment of benefits authorizing direct payment to provider of any insurance or reimbursement ("the assignment").  See Assignment of Benefits, Ex. A to Amended Complaint (Doc. #16).  The assignment gave the right to provider to receive "any payment, right to payment, all medical benefits and/or insurance reimbursements, if any, otherwise payable to [C. Rziha] for services, treatments, therapies, and/or medications rendered or provided by the Provider."  Id.  Pursuant to the assignment, the provider billed BCBS for the services provided to C. Rziha.  BCBS Kansas responded that the services were excluded from its Kansas policy, but on some unspecified date, paid a low proportion of the bill since it was "out of network."

The provider appealed BCBS's partial payment on October 26, 2023, March 5, 2025 and on April 5, 2025.  BCBS upheld the underpayment and denied the provider's appeals.

BCBS's answer claims that the plan benefits cannot be assigned.  Answer (Doc. #19) filed December 8, 2025 at ¶18.  In its answer, BCBS attaches one page of the plan.  That page, in a section entitled Appeal Procedures, states as follows:

> This section outlines the procedures for and the time periods applicable to Claim and Appeal determination decisions for Adverse Decisions.  It is the policy of the Company to afford Insureds a full and fair review of Claim decisions and Appeal decisions as a right under applicable federal and state law.  *However, an Insured's rights accrued hereunder or under applicable state or federal law (including but not limited to ERISA) are not assignable to any person or entity.*  Authorized

Representatives may be designated as provided in section A below.

### A. Definitions

For the purpose of this Appeal Procedures section, the following terms and their definitions apply: . . .

**3. Appeal:** a written *request*, except in the case of Urgent Care in which case the request may be submitted orally or in writing, *for review of an Adverse Decision that is submitted to the Company* by an Insured or the Insured's Authorized Representative.

**4. Authorized Representative:** for non-urgent care, a person designated by You in writing as authorized to represent them for Appeals as permitted under ERISA. This may only be achieved through use of a form provided by the Company by contacting Customer Service at the telephone number on the back of Your Identification Card.  Any attempt to designate via any other form shall be deemed void and ineffective on its face.  For Urgent Care, such written authorization is not required if the Appeal is made on Your behalf by a health care provider with knowledge of Your medical condition.

Exhibit A (Doc. #19-1) filed December 8, 2025 at 4 (italics added).

### Analysis

The complaint alleges that the Rzihas assigned their right to benefits under the plan to plaintiff.  As noted, BCBS argues that the assignment is void due to the plan's anti-assignment provision.  Plaintiff responds that the anti-assignment provision should not be enforced, that BCBS waived that provision and that BCBS is equitably estopped from invoking the anti-assignment clause.

ERISA establishes that only a participant, beneficiary or fiduciary can bring a claim under the statute.  29 U.S.C. §1132(a)(2-3).  Absent an enforceable assignment of rights, plaintiff has not alleged facts which would entitle it to sue.  See Denver Health & Hosp. Auth. v. Beverage Distributors Co., LLC, 546 F. App'x 742, 745 (10th Cir. 2013) (healthcare providers are not ERISA beneficiaries or participants without written assignment of claims from patient with standing).

Plaintiff does not dispute the anti-assignment language of the plan, and in St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kansas, Inc., 49 F.3d 1460, 1464 (10th Cir. 1995), the Tenth Circuit held that "we interpret ERISA as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties."  See also Denver Health & Hosp. Auth., 546 F. App'x at 745.  Consistent with St. Francis, district courts within the Tenth Circuit have held that unambiguous anti-assignment provisions are valid and enforceable.  CSMN Operations LLC v. Aetna Life Ins. Co., No. 24-CV-00368-NYW-RTG, 2025 WL 2513588, at *4 (D. Colo. Sept. 2, 2025).  If the relevant contract provision is unambiguous, a court may enforce that provision under Rule 12(b)(6) (or Rule 12(c)) because it renders the plaintiff's claim implausible.  Park Rise Homeowners Ass'n v. HDI Glob. Specialty SE, No. 19-cv-01268-DME-NRN, 2021 WL 9956621, at *4 (D. Colo. June 2, 2021) (collecting cases).  The Court thus considers whether the anti-assignment provision asserted by BCBS is unambiguous.

As noted, the anti-assignment clause is in the section titled "Appeal Procedures" and the record contains only one page of the plan.  Though the plan states that the rights "are not assignable to any person or entity," it is ambiguous as to what rights are not assignable—all rights under the plan or appeal rights arising under the plan or ERISA.  The provision's use of "hereunder" is likewise ambiguous, since it could refer to the rights described in the "Appeal Procedures" section or the rights described in the entirety of the plan.  Moreover, since the provision in question begins with "however," it could be interpreted that the parties intended to modify the preceding sentence, and therefore the anti-assignment provision only deals with BCBS's policy to "afford Insureds a full and fair review."  The plan also defines "Appeal" to mean a review of an adverse decision submitted to BCBS, not a court of law.  None of the stated definitions implicate the assignability of the right to sue for benefits, which is the right at issue here.  Therefore, the Court finds that the

plan language before the Court is ambiguous and declines to enforce it on a motion for judgment on the pleadings.  Under Kansas law, in determining whether a contract is ambiguous, one must look to the contract as a whole to attempt to determine the intent of the parties.  Matter of Murphy's Est., 226 Kan. 424, 427, 601 P.2d 1096, 1099 (1979), citing Wood v. Hatcher, 199 Kan. 238, 241, 428 P.2d 799 (1967).  Since the whole contract is not before the Court, and the record contains conflicting evidentiary submissions, the Court cannot determine that issue as a matter of law.

BCBS's motion for judgment on the pleadings is overruled.

Pursuant to Rule 7(a)(7), Fed. R. Civ. P., the Court orders plaintiff to file a reply to BCBS's Answer (Doc. #19) filed December 8, 2025.

**IT IS THEREFORE ORDERED** that Defendant Blue Cross And Blue Shield Of Kansas, Inc.'s Motion For Judgment On The Pleadings (Doc. #32) filed February 25, 2026 is **OVERRULED.**

**IT IS FURTHER ORDERED** that **plaintiff file a reply no later than 5:00 P.M. on Monday June 1, 2026** to Defendant Blue Cross And Blue Shield Of Kansas' Answer And Defenses To Plaintiff's Amended Complaint (Doc. #19) filed December 8, 2025, pursuant to Fed. R. Civ. P. Rule 7(a)(7)**.**

Dated this 26th day of May, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge