IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SERVICIOS MEDICOS PARA TODOS SA DE CV d/b/a HOSPITAL QUIRURGICA DEL SUR, RFC: SMT120530RP7,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 25-4094-KHV** |
| **BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

On July 28, 2025, Servicios Medicos Para Todos SA DE CV d/b/a Hospital Quirurgica Del Sur ("the provider") sued Blue Cross and Blue Shield of Kansas, Inc. ("BCBS") in Kansas state court. On September 29, 2025, BCBS removed the case to this Court. On November 26, 2025, plaintiff filed its Amended Complaint (Doc. #16). Count I, the sole claim against BCBS, seeks benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.[1] Plaintiff added and later settled with Catarina Rziha and David Rziha. This matter comes before the Court on Plaintiff's Motion For Leave To File Out Of Time (Doc. #63) filed July 17, 2026. For reasons stated below, the Court sustains plaintiff's motion.

**Legal Standard**

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made

[1] Plaintiff proceeds on a direct assignment of benefits from Catarina and David Rziha, and not as a designated representative suing to recover benefits on their behalf.

after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also D. Kan. Rule 6.1(a) (motion for extension of time must be filed as soon as practicable and "in no event less than 3 days before the specified time"). To determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) whether the moving party acted in good faith. Perez v. El Tequila, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The pretrial order supersedes the pleadings and governs the course of action. Washington v. Unified Gov't of Wyandotte Cnty., Kan., 847 F.3d 1192, 1202 (10th Cir. 2017) (quoting Case v. Abrams, 352 F.2d 193, 195 (10th Cir. 1965)); Fed. R. Civ. P. 16(d).

## Factual Background

In overruling defendant's motion for judgment on the pleadings on May 26, 2026, the Court ordered that by June 1, 2026, plaintiff file a reply to Defendant Blue Cross And Blue Shield Of Kansas' Answer And Defenses To Plaintiff's Amended Complaint (Doc. #19) filed December 8, 2025. Memorandum and Order (Doc. #51) filed May 26, 2026, at 7. Plaintiff did not file a reply or request an extension of time. Nearly seven weeks later, plaintiff filed this motion requesting leave to file its reply. In its motion, plaintiff contends that it missed the deadline because the paralegal previously assigned to the case was in the process of leaving and did not properly calendar the deadline. Plaintiff's Motion For Leave To File Out Of Time (Doc. #63), at 1. On July 21, 2026, defendant filed a memorandum in opposition to defendant's motion. Defendant Blue Cross and Blue Shield of Kansas, INC.'s Opposition To Plaintiff's Motion For Leave To File Out Of Time (Doc. #64) filed July 21, 2026. Plaintiff followed with a reply.

On July 28, 2026, the Court entered a pretrial order noting that plaintiff had failed to file a reply and that the Court should deem plaintiff to have waived arguments on defendant's affirmative and other defenses. Pretrial Order (Doc. #68) filed August 10, 2026, at 13.

## Analysis

### I. Prejudice To The Opposing Party

If the Court granted plaintiff leave to file out of time, defendant would likely face little to no prejudice. Defendant argues that prejudice would be great because, in drafting its motion for summary judgment and in crafting its defense strategy, it relied on plaintiff's lack of response. Looking at plaintiff's proposed response, the Court is unpersuaded. The response merely asserts a baseline denial to defendant's affirmative defenses. This factor weighs in favor of plaintiff.

### II. Length of Delay And Impact On Judicial Proceedings

The length of the delay was significant, but plaintiff's late response would have little effect on judicial proceedings. Seven weeks is a significant amount of time to remedy a mistake. Because the proposed reply merely denies defendant's defenses, however, the overall case is not materially delayed. The reply does not assert new claims or shed new light on the issue which caused the Court to deny the motion for judgment on the pleadings. This factor weighs in favor of plaintiff.

### III. Reason For Delay And Whether It Was In Movant's Control

Because plaintiff counsel's paralegal was responsible for calendaring the deadline, the inadvertence was well within movant's control. Such mistake would be considered a mistake by counsel, which is not usually considered excusable neglect. See Gardner v. Unified Gov. of Wyandotte Cnty./Kan. City, Kan., No. 14-2406-KHV, 2016 WL 4191932, at *2 (D. Kan. Aug. 9, 2016). This factor weighs against plaintiff.

## IV. Whether Movant Acted In Good Faith

The record does not suggest that plaintiff acted in bad faith. Upon noticing the failure to reply, plaintiff quickly tried to rectify its mistake. Therefore, this factor favors plaintiff.

## V. Balancing Of All Factors

The balance of factors weighs in favor of plaintiff, and defendant has not shown that material prejudice will occur if plaintiff is allowed to file its proposed reply. The Court will therefore grant leave to file an amended response.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File Out Of Time (Doc. #63) filed July 17, 2026 is **SUSTAINED. The Courts pretrial order shall be deemed amended to comply with plaintiff's proposed reply (Doc. # 63-1) filed July 17, 2026.**

Dated this 15th day of September, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge